UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| SHAWN COLLINS, | ) | Case No. 1:09CV347 |
| | ) | |
| Petitioner, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | Magistrate Judge George J. Limbert |
| | ) | |
| KEITH SMITH[1], Warden, | ) | **Report and Recommendation** |
| Mansfield Correctional Institution, | ) | **of Magistrate Judge** |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner Shawn Collins ("Petitioner") has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  ECF Dkt. #1.  Petitioner seeks relief for alleged constitutional violations that occurred during his Cuyahoga County, Ohio Court of Common Pleas conviction for three counts of aggravated robbery in violation of Ohio Revised Code ("O.R.C.") § 2911.01 and one count of felonious assault in violation of O.R.C. §2903.11  ECF Dkt. #1; *see also* ECF Dkt. #9, Ex. 6.  On July 13, 2009, Respondent filed a Return of Writ.  ECF Dkt. #9.  On May 12, 2010, Petitioner filed a traverse.  ECF Dkt. #16.

The case was referred to the undersigned for a Report and Recommendation.  For the following reasons, the undersigned RECOMMENDS that the Court DISMISS the instant petition, in its entirety, with prejudice.

## I. SYNOPSIS OF THE FACTS

The Eighth District Court of Appeals of Ohio set forth the facts of this case on direct appeal. These binding factual findings "shall be presumed to be correct", and Petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence."  28 U.S.C. §2254(e)(1); *Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998), *cert. denie*d, 119 S.Ct. 2403 (1999).  As set

---

[1]     Terry A. Tibbals is now the warden of Mansfield Correctional Institution.  *See* http://www.drc.ohio.gov/Public/manci.htm

forth by the Eighth District Court of Appeals, the facts are:

{¶ 2} Defendant, a juvenile, was charged with aggravated robbery and felonious assault in connection with an incident allegedly involving Gerald Henderson and Anthony Henderson. Following a hearing pursuant to R.C. 2152.12, the matter was subsequently transferred to the General Division of the Court of Common Pleas. Defendant was subsequently indicted for three counts of aggravated robbery with one and three-year firearm specifications and one count of felonious assault with one and three-year firearm specifications. Defendant pled not guilty, and the matter proceeded to a jury trial on January 29, 2007.

{¶ 3} The state presented testimony from Anthony Henderson, Gerald Henderson, Tenisha Murphy, Veronica Murphy, Shalonda White and Cleveland Police Officer Terancita Jones Green.

{¶ 4} Anthony Henderson testified that on September 1, 2006, he and his cousin Gerald planned to visit Gerald's then-girlfriend, Tenisha Murphy. Murphy was not home, so they waited for her at the home of another friend, Shalonda White. The boys sat on White's porch with several other individuals, and a group of 20 or 30 other young men stood on a nearby corner. Tenisha arrived home and joined the group on White's porch, and several of the boys from the corner came over to talk to her. According to Anthony, Tenisha subsequently left the scene, and an individual approached with two guns and demanded that Anthony and Gerald give him their belongings. The boys refused, and the assailant began to slap them and struck Anthony in the head with his gun. Anthony then gave him $30, and Gerald gave him $10 and his cell phone/two-way radio. Kenny Evans attempted to stop the gunman, but was unsuccessful. Defendant then asked if Anthony had a cell phone. Anthony indicated that he did not, and the gunman again struck him.

{¶ 5} After the gunman left the scene, the boys walked to Tenisha's house to use her telephone, and Gerald told Anthony that he had seen the assailant's face and knew who had robbed them. Another person from the larger group, who had braids, then confronted them and said, "You seen what?" Gerald replied that he had seen nothing, and the individual with braids then demanded that they strip. Tenisha's mother then came out of her house, and the second assailant ran off. Mrs. Murphy agreed to take the boys home but, as they started to leave, they noticed their cousin in the street and left the area in his vehicle. As they drove off, gunshots were fired.

{¶ 6} On cross-examination, Anthony admitted that he could not see the assailant and that, during the juvenile proceedings, he identified defendant as the assailant because Gerald had identified defendant. He also stated that Tenisha left the porch just before the gunman arrived.

{¶ 7} Gerald Henderson testified that they waited at Shalonda's, and a bunch of boys were nearby on the corner. After Tenisha arrived, Gerald and Anthony conversed on the porch with the girls and Gerald subsequently used the two-way radio function of his cell phone to contact his cousin for a ride home. An individual with two guns, identified at trial as defendant, then approached and demanded that Gerald and Anthony give him what they had in their pockets. At this time, Tenisha fled to her home.

{¶ 8} According to Gerald, defendant was dressed in black, and his face was partially covered. Gerald's cousin then contacted him through the two-way radio, and defendant grabbed this device from Gerald. He then struck the boys several times. Gerald further testified that another individual with braids approached, took one of defendant's guns

-2-

and assisted defendant.

{¶ 9} After the assailants left, Gerald and Anthony walked to Tenisha's house to use the phone. Gerald stated that he knew who had robbed them, and the individual with braids then confronted them again, stating, "You seen what?" This second assailant then demanded that the boys strip. One of Anthony's friends named Kenny interceded, and the second assailant then left.

{¶ 10} Gerald further testified that he used the two-way radio function of his missing cell phone to locate it, and he and his aunt later retrieved the device from an individual named "Chris ."

{¶ 11} On cross-examination, Gerald admitted that he initially could not identify defendant as the assailant, but he then stared at him and "visualized" what had happened.

{¶ 12} Tenisha Murphy testified that she had previously dated defendant and has known him for approximately two years. On the day of the attack, she had seen defendant dressed in black. Later, while she, Shalonda and the Hendersons were conversing on Shalonda's porch, a group of 20 to 30 other young men were on a nearby corner. Defendant came over to the porch three or four times and asked someone where Gerald and Anthony were from. A short time later, defendant came back to the porch with a scarf partially covering his face. He produced two guns from his pocket and said, "You all ain't from around here," then demanded that they give him their belongings. Tenisha ran from the porch and called the police.

{¶ 13} She next observed defendant slapping Gerald and Anthony and taking their money. According to Tenisha, Kenny Evans approached and said, "Shawn, stop." Defendant said, "Don't say my name," and pointed the gun at Evans.

{¶ 14} On cross-examination, Tenisha denied that she was testifying simply to get back at defendant. She acknowledged that, during the robbery, she recognized defendant by his voice.

{¶ 15} Shalonda White testified that before the incident, she observed defendant wearing black pants and a black shirt. He was originally with the group of boys on the corner, but came over to the porch several times. The assailant then approached with a black scarf partially covering his face and robbed Gerald and Anthony. Shalonda fled with Tenisha, but the girls watched from across the street. According to Shalonda, Kenneth Evans approached defendant during the incident and called him "Shawn."

{¶ 16} Veronica Murphy, Tenisha's mother, testified that, after the incident, she was going to take Gerald and Anthony home, but someone came to pick them up. As they drove off, Mrs. Murphy heard gunshots.

{¶ 17} Cleveland Police Officer Terancita Jones Green testified that she is a school resource officer at Glenville High School and that Shalonda, Tenisha and Anthony attend this school. She further stated that Anthony told her about the incident, and she instructed him to fill out an incident report. She further stated that Anthony and one of the girls were afraid of retaliation from defendant's sister.

{¶ 18} The trial court denied defendant's motion for acquittal, and defendant presented testimony from Lashonda Barnett, Gregory Clayton, Chalina Hamilton, and Kenneth Lee Evans.

{¶ 19} Lashonda Barnett testified that defendant was wearing short pants and a white T-shirt, and the assailant was wearing long black pants, a dark hoodie, a red cap and a black scarf. He robbed Gerald and Anthony, and a second person with braids confronted them a short time later. She acknowledged that Kenny Evans was on the porch during the robbery. He said something to Anthony but Lashonda could not hear it.

{¶ 20} Gregory Clayton and Chalina Hamilton both testified that defendant was wearing short pants and a white T-shirt and was not the assailant. They also stated that, on the night of the incident, shots came from a car traveling on Irvington and did not come from the people gathered at or near Shalonda's porch.

{¶ 21} Kenneth Evans also testified that defendant was not dressed in black and was not the assailant. He stated that Tenisha and Shalonda ran off when the gunman arrived. Evans did not know the gunman, but he acknowledged that he spoke to him and asked that he not "mess with" Anthony.

{¶ 22} Defendant was subsequently convicted of three counts of aggravated robbery (Count 1 as to Gerald Henderson, and Counts 3 and 4 as to Anthony Henderson) and felonious assault (upon Anthony Henderson), plus the specifications. The trial court indicated that it considered all of the statutory factors and then sentenced defendant to a total of 20 years on the charges, plus three years on the specifications and five years of post-release control. . . .

ECF Dkt. #8, Ex. 9; *State v. Collins*, No. 89529, 2008 WL 384237 at ¶¶2-22 (Ohio App. 8 Dist. Feb. 14, 2008), unreported.

## II. PROCEDURAL HISTORY

### A. State Trial Court

On September 18, 2006, Cleveland Police Department Detective Terrace completed a criminal complaint charging Petitioner with one count of robbery with firearm specifications. ECF Dkt. #9, Ex. 2. On November 2, 2006, the Juvenile Division of the Cuyahoga County Court of Common Pleas ordered Petitioner's case be transferred to the General Trial Division. *Id*. On November 9, 2006, the Cuyahoga County prosecuting attorney filed an indictment charging Petitioner with four counts of aggravated robbery, all carrying firearm specifications. ECF Dkt. #9, Ex. 1. The indictment also included a charge for felonious assault, with firearm specifications. *Id*.

A jury found Petitioner guilty of three counts of aggravated robbery, with one and three year firearm specifications, not guilty of one count of aggravated robbery, and guilty of felonious assault, with one and three year firearm specifications. ECF Dkt. #9, Ex. 6. The trial judge imposed an aggregate prison term of 23 years. *Id*.

-4-

**B.     Direct Appeal**

On March 7, 2007, Petitioner filed a notice of appeal from the trial court's conviction to the

Ohio Court of Appeals for the Eighth District.  ECF Dkt. #9, Ex. 7.  On January 18, 2007, Petitioner

filed a brief in support of his direct appeal, and raised the following assignments of error:

I.      DEFENDANT WAS DENIED DUE PROCESS OF LAW WHEN HE WAS TRIED AND CONVICTED OF OFFENSES WHICH WERE NOT BOUND-OVER FROM THE JUVENILE COURT.

II.     DEFENDANT WAS DENIED HIS SIXTH AMENDMENT RIGHTS WHEN THE COURT ARBITRARILY DISMISSED JURORS FOR CAUSE WITHOUT ALLOWING ANY QUESTIONING BY DEFENSE COUNSEL.

III.    DEFENDANT WAS DENIED A FAIR TRIAL BY REASON OF JUDICIAL AND PROSECUTORIAL MISCONDUCT.

IV.     DEFENDANT WAS DENIED HIS CONSTITUTIONAL RIGHT OF CONFRONTATION AND CROSS-EXAMINATION.

V.      DEFENDANT WAS DENIED DUE PROCESS OF LAW WHEN THE COURT ORDERED THAT ADDRESSES OF WITNESSES NOT BE DISCLOSED.

VI.     DEFENDANT WAS DENIED DUE PROCESS OF LAW WHEN THE COURT GAVE AN INCOMPLETE INSTRUCTION ON FELONIOUS ASSAULT AND IN EFFECT DIRECTED VERDICT OF GUILTY.

VII.    DEFENDANT WAS DENIED DUE PROCESS OF LAW WHEN HIS MOTION FOR JUDGMENT OF ACQUITTAL WAS OVERRULED.

VIII.   DEFENDANT WAS DENIED DUE PROCESS OF LAW WHEN THE COURT PENALIZED DEFENDANT FOR EXERCISING HIS CONSTITUTIONAL RIGHT TO A TRIAL.

IX.     DEFENDANT WAS DENIED DUE PROCESS OF LAW WHEN DEFENDANT WAS SENTENCED TO CONSECUTIVE SENTENCES WITHOUT ANY CONSIDERATION OF STATUTORY CRITERIA FOR SENTENCING.

X.      DEFENDANT WAS DENIED DUE PROCESS OF LAW WHEN THE COURT FAILED TO MERGE VARIOUS OFFENSES FOR WHICH DEFENDANT WAS CONVICTED.

XI.     DEFENDANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL.

ECF Dkt. #9, Ex. 8 at i-ii.  On February 14, 2008 (journalized March 12, 2008), the Eighth District

Court of Appeals affirmed Petitioner's conviction.  ECF Dkt. #9, Ex. 10.

On February 25, 2008, Petitioner filed an application for reconsideration.  ECF Dkt. #9, Ex. 11.  On March 12, 2008, the appellate court denied the application.  ECF Dkt. #9, Ex. 13.

**C.      Supreme Court of Ohio**

On April 21, 2008, Petitioner filed a notice and brief in support of jurisdiction in the Supreme Court of Ohio, raising the following propositions of law:

I.      A DEFENDANT HAS BEEN DENIED DUE PROCESS OF LAW WHEN HE IS TRIED AND CONVICTED OF OFFENSES WHICH WERE NOT BOUND-OVER FROM THE JUVENILE COURT.

II.      A DEFENDANT HAS BEEN DENIED HIS SIXTH AMENDMENT RIGHT WHEN A COURT ARBITRARILY DISMISSES PROSPECTIVE JURORS FOR CAUSE WITHOUT ALLOWING ANY QUESTIONING BY DEFENSE COUNSEL.

III.      A DEFENDANT HAS BEEN DENIED A FAIR TRIAL BY REASON OF JUDICIAL AND PROSECUTORIAL MISCONDUCT.

IV.      A DEFENDANT HAS BEEN DENIED HIS CONSTITUTIONAL RIGHT OF CONFRONTATION AND CROSS-EXAMINATION WHERE CROSS-EXAMINATION HAS BEEN UNDULY RESTRICTED BY THE COURT

V.      A DEFENDANT HAS BEEN DENIED DUE PROCESS OF LAW WHEN THE COURT ORDERS THAT ADDRESSES OF WITNESSES NOT BE DISCLOSED.

VI.      A DEFENDANT HAS BEEN DENIED DUE PROCESS OF LAW WHEN A COURT INSTRUCTS INCOMPLETELY ON FELONIOUS ASSAULT WHICH, IN EFFECT, DIRECTS VERDICT [SIC] OF GUILTY.

VII.      A DEFENDANT HAS BEEN DENIED DUE PROCESS OF LAW WHEN HIS MOTION FOR JUDGMENT OF ACQUITTAL WAS OVERRULED WHERE THERE IS INSUFFICIENT EVIDENCE TO PREVENT A RATIONAL FACTFINDER TO RETURN A VERDICT OF GUILTY

VIII.      A DEFENDANT HAS BEEN DENIED DUE PROCESS OF LAW WHEN A TRIAL COURT PENALIZES A DEFENDANT FOR EXERCISING HIS CONSTITUTIONAL RIGHT TO A JURY TRIAL.

IX.      A DEFENDANT HAS BEEN DENIED DUE PROCESS OF LAW WHERE DEFENDANT HAS BEEN SENTENCED TO CONSECUTIVE SENTENCES WITHOUT ANY CONSIDERATION OF THE STATUTORY CRITERIA.

X.      A DEFENDANT HAS BEEN DENIED DUE PROCESS OF LAW AND SUBJECTED TO MULTIPLE PUNISHMENTS WHERE A COURT FAILS TO MERGE VARIOUS ALLIED OFFENSES.

XI.    A DEFENDANT HAS BEEN DENIED EFFECTIVE ASSISTANCE OF
COUNSEL WHERE ERRORS AND OMISSIONS BY COUNSEL HAD
PREJUDICED THE DEFENDANT.

ECF Dkt. #9, Ex. 14; ECF Dkt. #21, Ex. 15-R.  On July 9, 2008, the Supreme Court of Ohio

dismissed the appeal as not involving a substantial constitutional question.  ECF Dkt. #9, Ex. 17.

### D.    Petition for Post-conviction Relief

On October 26, 2007, Petitioner filed a petition for post-conviction relief in the Cuyahoga

County Court of Common Pleas.  ECF Dkt. #9, Ex. 18.  Petitioner contended that he was not aware

of a pending case against state witness Gerald Henderson and was therefore not able to question him

about the pending charges.  *Id*.  On December 6, 2007, the state filed a motion for summary

judgment.  ECF Dkt. #9, Ex. 19.  On December 18, 2007, the trial court granted the state's motion

for summary judgment.  ECF Dkt. #9, Ex. 20.  On January 17, 2008, Petitioner filed a request for

findings of fact and conclusions of law.  ECF Dkt. #9, Ex. 21.  There is no indication on the common

pleas docket that this request has been ruled upon.  *See* ECF Dkt. #9, Ex. 22; *see also* Cuyahoga

County Court of Common Pleas docket: http://cpdocket.cp.cuyahogacounty.us/p_CR_Docket.aspx

(search for case number CR-06-488472-A)("Cuyahoga C.P. Docket").

### E.    Motion for Leave to File Motion for New Trial

On February 4, 2009, Petitioner filed a motion for leave to file a motion for a new trial in the

Cuyahoga County Court of Common Pleas.  ECF Dkt. #9, Ex. 23.  Petitioner claimed to have come

into possession of a signed affidavit from the true perpetrator of the robberies of Anthony Henderson

and Gerald Henderson.  *Id*.  Respondent contends that, as of the filing of the return of writ, the

Cuyahoga County Court of Common Pleas had not ruled on the motion.  However, as the

undersigned noted on an earlier date, the Cuyahoga County Court of Common Pleas denied this

motion on May 11, 2009.  *See* ECF Dkt. #12.

### F.    Petition to Vacate or Set Aside Sentence

On August 26, 2009, Petitioner filed a petition in the Cuyahoga County Court of Common

Pleas to Vacate or Set Aside his sentence.  *See* Cuyahoga C.P. Docket (Case No.: CR-06-488472-A).

On September 1, 2009, the court denied his petition.  *Id*.

-7-

G.      28 U.S.C. § 2254 Petition

On March 23, 2009, Petitioner filed the instant petition for a writ of habeas corpus.  ECF Dkt. #1.  Petitioner has raised the following grounds for relief:

| | |
|---|---|
| **GROUND ONE:** | VIOLATION OF DUE PROCESS |
| Supporting Facts: | BEING TRIED AND CONVICTED OF OFFENSES WHICH WERE NOT BOUND OVER FROM JUVENIL [sic] COURT |
| **GROUND TWO:** | VIOLATION OF 6th AMENDMENT BY COURT FOR DISMISSING PROSPECTIVE JUOR [sic] |
| Supporting Facts: | THE COURT ARBITRARILY DISMISSED PROSPECTIVE JUORS [sic] FOR CAUSE WITHOUT ALLOWING ANY QUESTIONING BY DEFENSE COUNSEL. |
| **GROUND THREE:** | DENIAL OF FAIR TRIAL |
| Supporting Facts: | JUDICIAL AND PROSECUTOR MISCONDUCT |
| **GROUND FOUR:** | VIOLATION OF CONFRONTATION AND CROSS EXAMINATION |
| Supporting Facts: | COURT UNDULY RESTRICT CROSS EXAMINATION |
| **GROUND FIVE:** | VIOLATION OF DUE PROCESS |
| Supporting Facts: | COURT DENIED WITNESSES ADDRESSES TO BE DISCLOSED |
| **GROUND SIX:** | VIOLATION OF DUE PROCESS |
| Supporting Facts: | INCOMPLETE JURY INSTRUCTION ON CHARGE. |
| **GROUND SEVEN:** | VIOLATION OF DUE PROCESS |
| Supporting Facts: | COURT OVERRULING MOTION FOR ACQUITTAL WITHOUT ANY SUFFICIENT EVIDENCE |
| **GROUND EIGHT:** | VIOLATION OF DUE PROCESS |
| Supporting Facts: | COURT PENALIZING DEFENDANT FOR EXERCISING TRIAL RIGHT |
| **GROUND NINE:** | VIOLATION OF DUE PROCESS |

| Supporting Facts: | DEFENDANT BEING SENTENCED TO CONSECUTIVE SENTENCES. |
|---|---|
| **GROUND TEN:** | VIOLATION OF DUE PROCESS |
| Supporting Facts: | FAILURE TO MERGE ALLIED OFFENSES |
| **GROUND ELEVEN:** | VIOLATION OF 6th AMENDMENT TO U.S. CONSTITUTION |
| Supporting Facts: | ERRORS AND OMISSIONS BY COUNSEL PREJUDICED THE DEFENDANT |

ECF Dkt. #1.  On July 13, 2009, Respondent filed a Return of Writ.  ECF Dkt. #9.  On May 12, 2010, Petitioner filed a traverse.  ECF Dkt. #16.

**III.    PROCEDURAL BARRIERS TO REVIEW**

A petitioner must overcome several procedural barriers before a court will review the merits of a petition for a writ of federal habeas corpus.  As Justice O'Connor noted in *Daniels v. United States*, "Procedural barriers, such as statutes of limitations and rules concerning procedural default and exhaustion of remedies, operate to limit access to review on the merits of a constitutional claim." 532 U.S. 374, 381 (2001); *see also United States v. Olano*, 507 U.S. 725, 731 (1993).  Respondent contends that the instant petition is not time-barred or procedurally defaulted.  ECF Dkt. #9 at 12-16. However, this Court may consider procedural default sua sponte.  *Palmer v. Bagley*, 330 Fed.Appx. 92, 105-06, 2009 WL 1528503 at **11 (6th Cir. May 29, 2009), unreported.

The procedural default doctrine serves to bar review of federal claims that a state court has declined to address when a petitioner does not comply with a state procedural requirement. *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977).  In these cases, "the state judgment rests on independent and adequate state procedural grounds."  *Coleman*, 501 U.S. at 730.  For purposes of procedural default, the state ruling with which the federal court is concerned is the "last explained state court judgment."  *Munson v. Kapture*, 384 F.3d 310, 314 (6th Cir. 2004) *citing Ylst v. Nunnemaker*, 501 U.S. 797, 805 (1991) (emphasis removed).  When the last explained state court decision rests upon procedural default as an "alternative ground," a federal district court is not required to reach the merits of a habeas petition.  *McBee v. Abramajtys*, 929 F.2d 264, 265 (6th Cir.

1991).  In determining whether a state court has addressed the merits of a petitioner's claim, federal courts must rely upon the presumption that there is no independent and adequate state grounds for a state court decision absent a clear statement to the contrary.  *Coleman*, 501 U.S. at 735.

Applying this presumption, the Sixth Circuit Court of Appeals established a four-pronged analysis to determine whether a claim has been procedurally defaulted.  *Maupin v. Smith*, 785 F.2d 135 (6th Cir. 1986).  Under the *Maupin* test, a reviewing court must decide:

(1)     whether the petitioner failed to comply with an applicable state procedural rule;

(2)     whether the state courts actually enforced the state procedural sanction;

(3)     whether the state procedural bar is an "adequate and independent" state ground on which the state can foreclose federal review; and

(4)     if the above are met, whether the petitioner has demonstrated "cause" and "prejudice."

*Id*. at 138.

Under the first prong of *Maupin*, there must be a firmly established state procedural rule applicable to the petitioner's claim and the petitioner must not have complied with the rule.  *Ford v. Georgia*, 498 U.S. 411, 423-24 (1991) (state procedural bar that is not "firmly established and regularly followed" cannot serve  to bar federal judicial review); *Franklin v. Anderson*, 434 F.3d 412, 418 (6th Cir. 2006).  The question of whether a state procedural rule was "firmly established and regularly followed" is determined as of the time at which it was to be applied. *Richey v. Mitchell*, 395 F.3d 660, 680 (6th Cir. 2005).

Under the second prong, the last state court to which the petitioner sought review must have invoked the procedural rule as a basis for its decision to reject review of the prisoner's federal claims.  *Coleman v. Thompson*, 501 U.S. 722, 729-30 (1991) (appeal dismissed for lack of jurisdiction); Richey, 395 F.3d at 678 ("a lapsed claim survives if the state court overlooked the default and decided the claim anyway"); *Baze v. Parker*, 371 F.3d 310, 320 (6th Cir. 2004) (if a state court does not expressly rely on a procedural deficiency, then a federal court may conduct habeas review); *Gall v. Parker*, 231 F.3d 265, 310 (6th Cir. 2000) (even if issue is not raised below, where state supreme court clearly addresses the claim, no procedural bar arises); *Boyle v. Million*, 201 F.3d

-10-

711, 716-17 (6th Cir. 2000) (where a state appellate court characterizes its earlier decision as substantive, the earlier decision did not rely on a procedural bar; therefore, the cause and prejudice test does not apply).

Under the third prong, a state judgment invoking the procedural bar must rest on a state law ground that is both independent of the merits of the federal claim and is an adequate basis for the state's decision. *Munson v. Kapture*, 384 F.3d 310, 313-14 (6th Cir. 2004). A state's res judicata rule barring post-conviction claims which could have been raised on appeal is an adequate and independent ground for *Maupin* purposes. *White v. Mitchell*, 431 F.3d 517, 527 (6th Cir. 2005); *Mason v. Mitchell*, 320 F.3d 604, 628 (6th Cir. 2003).

Under the fourth prong, a claim that is procedurally defaulted in state court will not be reviewable in federal habeas corpus unless the petitioner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or that failure to consider the claim will result in a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 751. "Cause" is a legitimate excuse for the default, and "prejudice" is actual harm resulting from the alleged constitutional violation. *Magby v. Wawrzaszek*, 741 F.2d 240, 244 (9th Cir. 1984), cert. denied, 490 U.S. 1068 (1985). If a petitioner fails to show cause for his procedural default, the reviewing court need not address the issue of prejudice. *Smith v. Murray*, 477 U.S. 527 (1986).

Simply stated, a federal court may review federal claims:

> that were evaluated on the merits by a state court. Claims that were not so evaluated, either because they were never presented to the state courts (i.e., exhausted) or because they were not properly presented to the state courts (i.e., were procedurally defaulted), are generally not cognizable on federal habeas review.

*Bonnell v. Mitchel*, 301 F.Supp.2d 698, 722 (N.D. Ohio 2004). The above standards apply to the Court's review of Petitioner's claims.

## IV. STANDARD OF REVIEW

If Petitioner's claims overcome the procedural barriers of time limitation, exhaustion and procedural default, AEDPA governs this Court's review of the instant case. *Harpster v. Ohio*, 128 F.3d 322, 326 (6th Cir. 1997), *cert. denied*, 522 U.S. 1112 (1998). Under Section 2254, a state prisoner is entitled to relief if he is held in custody in violation of the United States Constitution or

-11-

laws or treaties of the United States.  28 U.S.C. § 2254(d).

The AEDPA sets forth the standard of review for the merits of a petition for the writ of habeas corpus.  The AEDPA provides:

> (d)     An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim --
>
> > (1)     resulted in a decision that was *contrary to*, or involved an *unreasonable application of*, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2)     resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d) (emphasis added).  In *Williams v. Taylor*, the Supreme Court clarified the language of 28 U.S.C. § 2254(d) and stated:

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts.  Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

*Williams v. Taylor*, 529 U.S. 362, 412-13 (2000).  Furthermore, the Supreme Court declared that "a federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." *Id.*  Elaborating on the term "objectively unreasonable," the Court stated that "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id.*; *see also Bailey v. Mitchell,* 271 F.3d 652, 655-56 (6th Cir. 2001).

The Sixth Circuit Court of Appeals offers the following guidelines for applying the AEDPA limitations:

A.     Decisions of lower federal courts may not be considered.

-12-

    B.      Only the holdings of the Supreme Court, rather than its dicta, may be considered.

    C.      The state court decision may be overturned only if:

          1.      It '[applies] a rule that contradicts the governing law set forth in [Supreme Court of the United States] cases,' [the Supreme Court precedent must exist at the time of petitioner's direct appeal] or;

          2.      the state-court decision 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from [Supreme Court] precedent;' or

          3.      'the state court identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular state prisoner's case;' or

          4.      the state court 'either unreasonably extends a legal principle from [a Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply.'

    D.      Throughout this analysis the federal court may not merely apply its own views of what the law should be. Rather, to be overturned, a state court's application of Supreme Court of the United States precedent must also be objectively unreasonable. That is to say, that 'a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.' 'An unreasonable application of federal law is different from an incorrect or erroneous application of federal law.'

    E.      Findings of fact of the state courts are presumed to be correct. 'The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.'

*Bailey v. Mitchell,* 271 F.3d 652, 655-56 (6th Cir. 2001) (internal citations omitted).

       Finally, a reviewing federal court is bound by the presumption of correctness, under which the federal court is obligated to "accept a state court's interpretation of the state's statutes and rules of practice." *Hutchinson v. Marshall*, 744 F.2d 44, 46 (6th Cir. 1984), *cert. denied*, 469 U.S. 1221 (1985); *see also Duffel v. Duttion*, 785 F.2d 131, 133 (6th Cir. 1986). The presumption of correctness is set forth in 28 U.S.C. § 2254(e), which provides:

> (e)(1)In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct.

28 U.S.C. § 2254(e).  The presumption of correctness applies to basic primary facts, and not to mixed questions of law and fact.  *Levine v. Torvik*, 986 F.2d 1506, 1514 (6th Cir. 1993), *cert. denied,* 509 U.S. 907 (1993).  The presumption also applies to "implicit findings of fact, logically deduced because of the trial court's ability to adjudge the witnesses' demeanor and credibility."  *McQueen v. Scroggy*, 99 F.3d 1302, 1310 (6th Cir. 1996), *cert. denied*, 520 U.S. 1257 (1997).  Furthermore, a reviewing federal court is not free to ignore the pronouncement of a state appellate court on matters of law.  *See Central States, Southeast & Southwest Areas Pension Fund v. Howell*, 227 F.3d 672, 676, n.4 (6th Cir. 2000).  Petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence.  28 U.S.C. § 2254(e)(1).

## V.    ANALYSIS

### A.    Cognizability Analysis

The undersigned first notes that many of Petitioner's claims only generally state constitutional violations.  Another judge in this District considered a similar situation and held as follows:

> Here, Charley attempts to cast this claim as a violation of the United States Constitution well after it was presented to the state court by adding a perfunctory assertion to his habeas petition that the trial court's ruling denied him due process of law. However, federal habeas law requires that any federal constitutional argument be made first to the state court as a federal constitutional argument. [*Franklin v. Rose*, 811 F.2d 322, 325 (6th Cir.1987).] **Moreover, simply labeling an adverse state court ruling a "due process violation" without citing a clearly established federal law applicable to that issue will not present a cognizable claim for habeas relief.** [*Blackmon*, 394 F.3d at 400.]

*See Charley v. Bagley*, No. 1:03 CV 1607, 2006 WL 1624240 at *3 (N.D.Ohio, June 2, 2006), unreported (emphasis added).  Here, the petition claims very generalized constitutional violations. In some of the Grounds, the claims are so general that they do not present a cognizable claim because they fail to identify a specific error or explain how Petitioner was prejudiced.

In Ground Three, the petition asserts a denial of a fair trial resulting from unspecified judicial and prosecutorial misconduct.  In Ground Four, it asserts a violation of "confrontation" because the trial court unduly restricted cross examination, but the petition does not identify which witnesses Petitioner was prevented from cross examining or how the trial court prevented him from performing cross examination.  In Ground Six, the petition asserts a violation of due process based upon incomplete jury instructions, without identifying why they are incomplete.  In Ground Eight, the petitioner asserts a due process violation because the trial court allegedly penalized Petitioner for exercising a trial right, but the petition does not identify the trial right exercised or how he was allegedly penalized.  Finally, in Ground Eleven, the petition alleges a violation of 6th Amendment rights due to "omissions by counsel" that allegedly prejudiced Petitioner.  However, the petition does not identify these omissions or how they prejudiced Petitioner.  Grounds 3, 4, 6, 8, and 11 should be dismissed for failing to state a factual basis.  *See Charley*, 2006 WL 1624240 at *3.

To the extent the Court wishes to proceed to address these claims, the undersigned acknowledges Respondent's assertion that many of Petitioner's claims are based upon state law.  *See* ECF Dkt. #9 at 20-37.  However, the undersigned disagrees with Respondent's interpretation of the claims.  Specifically, Respondent contends that Grounds 1, 2, 3, 5, and 6 rely solely on state law and Grounds 9, 10, and 11 rely primarily on state statutory law.  For example, Respondent contends that "For the reason that the state law issue challenged in Ground Two is also resolvable based solely upon state law, Collins has no basis for arguing a federal constitutional violation under the due process clause or under the Sixth Amendment."  ECF Dkt. #9 at 23-24.  The undersigned has noted before that a federal constitutional claim can be based upon a violation of state law.  *See Priest v. Hudson*, No. 1:08CV2028, ECF Dkt. #9 at 17-18 (N.D. Ohio August 5, 2009) *adopted* ECF Dkt. #10; *Alvarez v. Timmerman-Cooper*, No. 3:08CV2418 ECF Dkt. #11 at 15 (N.D. Ohio August 21, 2009) *adopted* ECF Dkt. #19.  Although, review of such a claim is "extremely limited."  *See Giles v. Schotten*, 449 F.3d 698, 704 (6th Cir. 2006).

-15-

"[E]rrors in application of state law, especially with regard to the admissibility of evidence, are *usually* not cognizable in federal habeas corpus." *Walker v. Engle*, 703 F.2d 959, 962 (6th Cir.1983) (emphasis added). In another case, the Sixth Circuit's held that the construction of the claim determines its cognizability:

> Bey's second claim is that, even though the Ohio Supreme Court upheld the admission of the 'other acts' evidence as a matter of state evidentiary law, that particular evidence was so prejudicial that its admission nonetheless rendered his entire trial fundamentally unfair, **which denied him due process under the Fifth and Fourteenth Amendments. This is Bey's new construction of his proposed habeas issue and by framing it as a constitutional violation he has at least asserted a cognizable habeas claim** . . .

*Bey v. Bagley*, 500 F.3d 514, 519-520 (6th Cir. 2007) (emphasis added).

Each of the eleven grounds in the petition claim a violation of a constitutional right. Thus, they are cognizable claims if the Court finds that they have sufficient factual support. However, the ultimate question is whether Petitioner has shown sufficient state law errors to warrant a finding that federal constitutional violation has occurred. The Sixth Circuit has held that a state court error must be egregious to merit habeas relief: "[t]rial court errors in state procedure and/or evidentiary law do not rise to the level of federal constitutional claims warranting relief in a habeas action unless the error renders the proceeding so fundamentally unfair as to deprive the petitioner of due process under the Fourteenth Amendment." *McAdoo v. Elo*, 365 F.3d 487, 494 (6th Cir. 2004). In the context of considering errors of evidentiary law, the Sixth Circuit articulated the appropriate standard for making the foregoing determination:

> The Supreme Court looks to several factors in determining whether a defendant's due process rights require the admission of a particular item of evidence. First, the Court considers the extent to which the proffered evidence is "critical" in the context of the case. Second, the Court considers the extent to which the proffered evidence "tend[s] to exculpate" the accused. Finally, the Court determines whether the proffered evidence bears "persuasive assurances of trustworthiness[.]"

*Turpin v. Kassulke*, 26 F.3d 1392, 1396 (6th Cir. 1994) (internal citations omitted). Lastly, "where the highest court of the State has not spoken, this Court is obligated to follow published intermediate

-16-

state appellate court decisions, we are not bound by a decision of an intermediate state appellate court when we are convinced that the highest state court would decide differently." *Olsen v. McFaul,* 843 F.2d 918, 929 (6th Cir. 1988). With these standards in mind, the undersigned considers the merits of Petitioner's claims.

### B.     Ground One

In Ground One, Petitioner contends that he suffered a violation of due process because he was tried and convicted of offenses that were not bound over from the juvenile court. ECF Dkt. #1. The undersigned agrees with Respondent that Petitioner has made no showing that the decision of the state court was unreasonable as based upon the wrong U.S. Supreme Court precedent or as resulting from an unreasonable application of the correct U.S. Supreme Court precedent. However, the undersigned also notes that the United State Supreme Court has recognized that a hearing to determine whether a juvenile should be tried as an adult is a "critically important" stage and therefore the proceedings "must measure up to the essentials of due process and fair treatment." *Spytma v. Howes*, 313 F.3d 363, 367 (6th Cir. 2002) quoting *Kent v. United States*, 383 U.S. 541, 86 S.Ct. 1045, 16 L.Ed.2d 84 (1966). The undersigned recommends that the Court find no due process violation. Here, the appellate court found that the trial court had jurisdiction because Petitioner was indicted on acts that were based on the transfer from the Juvenile Division. ECF Dkt. #9, Ex. 10 at ¶26. Accordingly, Petitioner was afforded adequate due process assurances when he appeared before the Juvenile Division for his transfer hearing under the original charging document. Petitioner has not demonstrated an unreasonable application of the clearly established Federal law, as determined by the Supreme Court of the United States. Accordingly, the undersigned recommends that the Court dismiss Ground One with prejudice.

### C.     Ground Two

In Ground Two, Petitioner contends that his Sixth Amendment right, presumably to a trial by an impartial jury, when the trial court  allegedly dismissed a juror for cause without allowing questioning by defense counsel. However, Petitioner has made no showing that the trial court improperly acted sua sponte or that the appellate court unreasonably applied U.S. Supreme Court

precedent.  In fact, the appellate court noted in this case that Petitioner suggested one of the jurors be excused.  ECF Dkt. #9, Ex 10 at ¶37.  Further, the court noted that the record demonstrated cause for excusing the other two jurors; one had problems with minors being on trial and one would not believe the testimony of juveniles.  *Id.*; *see Strickland v. Pitcher*, 162 Fed.Appx. 511, 519, 2006 WL 68438 at **7 (6th Cir. 2006), unreported,  partially quoting *United States v. Torres*, 128 F.3d 38, 43 (2d Cir.1997)  ("judges have the 'authority and responsibility, either sua sponte or upon counsel's motion,' to dismiss prospective jurors for cause, and that such cause can be demonstrated by 'actual bias,' defined as 'the existence of a state of mind that leads to an inference that the person will not act with entire impartiality.' ").  In addition to the foregoing, Petitioner has not shown that he suffered prejudice as a result of the dismissal of the jurors.  *Cf. U.S. v. Powell,* 15 Fed.Appx. 337, 2001 WL 897424 at **2 (6th Cir. Aug. 2, 2001), unreported (sua sponte replacement of a seated juror with an alternate does not violate any constitutional rights unless the defendant can demonstrate prejudice); *U.S. v. Warren,* 973 F.2d 1304, 1308 (6th Cir. 1992).  The case here is stronger than in *Powell* or *Warren* because the trial had not begun when the jurors were excused and defense counsel had the opportunity to voir dire the jurors who were ultimately impaneled.  Thus, Petitioner has made no showing of prejudice.

For the foregoing reasons, the undersigned recommends that the Court dismiss Ground Two of the instant petition with prejudice.

### D.      Ground Three

In Ground Three, the petition asserts denial of a fair trial due to judicial and prosecutorial misconduct.  For the first time in his traverse, Petitioner argues that the trial court improperly alluded to gang activity and allowed evidence showing that defense witness Chalina Hamilton was in a gang.  ECF Dkt. #16 at 4.  Petitioner goes on to argue in the traverse that the Ohio Rules of Evidence preclude the trial court from making statements that cause substantial prejudice to any defendant in the presence of the jury.  *Id*.  The undersigned first notes that the Court need not consider this argument because it was not raised until the traverse.  *See Tyler v. Mitchell*, 416 F.3d 500, 503 (6th Cir. 2005) ("Because the penalty-phase insufficiency argument was first presented in Tyler's traverse

-18-

rather than in his habeas petition, it was not properly before the district court, and the district court did not err in declining to address it.").  Further, Petitioner has failed to demonstrate that the appellate court unreasonably applied clearly established Federal law, as determined by the Supreme Court of the United States.  In fact, the appellate court's decision rested on a determination of relevancy.  ECF Dkt. #9, Ex. 10 at ¶41 citing *United States v. Abel*, 469 U.S. 45 (1984) ("A witness' and a party's common membership in an organization, even without proof that the witness or party has personally adopted its tenets, is certainly probative of bias.").  Petitioner has failed to demonstrate that an error occurred that was so fundamentally unfair as to deprive him of due process of the law.  Accordingly, Ground Three should be dismissed in its entirety with prejudice.

### E.     Ground Four

In Ground Four, the petition asserts a denial of a right to confront witnesses because the trial court allegedly restricted cross examination.  For the first time in the traverse, Petitioner contends that the trial court restricted cross examination of Tenisha Murphy and Gerald Henderson.  ECF Dkt. #16 at 6.  Defense counsel attempted to cross-examine Tenisha Murphy about whether she had become pregnant by Petitioner, but the appellate court held that the trial court properly restricted questioning because there was no evidence that the two had an intimate relationship.  ECF Dkt. #9, Ex. 10 at ¶¶52, 53.  Again, Petitioner has failed to demonstrate that an error occurred that was so fundamentally unfair as to deprive him of due process of the law.

Petitioner also claims that he was not permitted to cross examine Gerald Henderson about why he was at the Juvenile Detention Center.  ECF Dkt. #16 at 7.  The undersigned notes that Petitioner did not raise a Confrontation Clause argument related to Gerald Henderson in the trial court.  *See Lorraine v. Coyle*, 291 F.3d 416, 447, (6th Cir. 2002) ("To begin, this claim was not raised in the state courts or in the district court. It is therefore both procedurally defaulted and waived.").  Petitioner's attorney attempted to ask Mr. Henderson why he was in the Juvenile Detention Center, but the state objected.  Tr. at 291.  Defense counsel did not argue against the state's objection or make an offer of proof at trial.  *See State v. Williams*, 364 N.E.2d 1364, 1367 (Ohio 1977) ("[The Supreme Court of Ohio] has consistently held that an appellate court need not

-19-

consider an error which a party complaining of the trial court's judgment could have called, but did not call, to the trial court's attention at a time when such error could have been avoided or corrected by the trial court.") *superseded on other grounds by State v. Gillard*, 533 N.E.2d 272 (Ohio 1988); *State v. Williams*, No. 05CA008804, 2006 WL 2395218 at *8 (Ohio App. 9 Dist., Aug. 21, 2006) ("[a]s Defendant failed to raise any objection below, let alone an objection specifically raising a constitutional challenge, he is precluded from raising such an argument for the first time on appeal."). Further, Petitioner did not raise a Confrontation Clause claim related to Mr. Henderson on direct appeal. *See* ECF Dkt. #9, Ex. 8 at 18-20. Petitioner did claim on a petition for post-conviction relief that he was not aware of a pending case against Henderson and was therefore not able to question him about the pending charges. ECF Dkt. #9, Ex. 18. Petitioner raised a Confrontation Clause claim in his petition for post-conviction relief. *Id*. at 3. However, Petitioner has not demonstrated that the trial court acted unreasonably in granting the state's motion for summary judgment and dismissing the petition. ECF Dkt. #9, Ex. 20. Lastly, Petitioner has not established cause for failing to present this constitutional claim to the state courts. Accordingly, Ground Four is procedurally defaulted insofar as it relates to Gerald Henderson.

For the foregoing reasons, the undersigned recommends that the Court dismiss Ground Four in its entirety with prejudice.

### F.      Ground Five

Ground Five of the petition alleges a due process violation because the trial court denied his request for addresses of witnesses to be disclosed. Petitioner does not address this claim in his traverse. *See* ECF Dkt. #16. Accordingly, the undersigned recommends that the Court dismiss the ground for failing to identify a constitutional error, as stated above. *Charley*, 2006 WL 1624240 at *3. Additionally, Petitioner has failed to demonstrate an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States, or that an error occurred that was so fundamentally unfair as to deprive him of due process of the law.

For the foregoing reasons, the undersigned recommends that the Court dismiss Ground Five in its entirety with prejudice.

-20-

G.     **Ground Six**

Ground Six of the petition alleges a due process violation resulting from incomplete jury instructions. In the traverse, Petitioner contends that the trial court improperly commented on the evidence by instructing that "The act of pointing a deadly weapon at another without additional evidence regarding the actor's intention is insufficient[2] evidence to convict a defendant on the offense of 'felonious assault' as defined by R.C. 2903.11(A)(2)."  ECF Dkt. #16 at 9.  Petitioner contends that the trial court misstated the syllabus from *State v. Brooks*, 44 Ohio St. 3d 185, 542 N.E.2d 636 (Ohio 1989) ("The act of pointing a deadly weapon at another, without additional evidence regarding the actor's intention, is insufficient evidence to convict a defendant of the offense of "felonious assault" as defined by R.C. 2903.11(A)(2).").

The instant claim is not based on the same portion of the jury instructions as the claim that Petitioner raised on direct appeal.  Petitioner challenged the following instruction by the trial judge:

> Where the defendant pointed a gun at another, knowing it to be unloaded, making no attempt to pull the trigger or use the gun as a deadly weapon, the defendant may be found guilty of felonious assault.  (Tr. at 594).

ECF Dkt. #9, Ex. 8 at 21.  On direct appeal, Petitioner argued that: "The court's instruction assumed defendant pointed a gun at another. This was a disputed fact in this case and precluded the jury from making its own independent consideration of the facts as mandated by §2945.11 of the Ohio Revised Code."  *Id*. at 23.

Since Petitioner challenges a different portion of the jury instructions than he did on direct appeal, the instant claim is procedurally defaulted.  *Compare* ECF Dkt. #9, Ex. 8 at 21. citing Tr. p. 594, l. 15-19 *with*  ECF Dkt. #16 at 9 (reciting language from Tr. p. 594, l. 20- 25).

For the first time in the traverse, Petitioner contends that the trial court improperly commented on the facts in the evidence. ECF Dkt. #16 at 9.  Notably, the Petition contends that the

---

[2]     The trial judge stated that such evidence was "sufficient."  *See* Tr. at 594.  Petitioner's statement appears to be a typographical error.

jury instructions were "incomplete," but the traverse argues that they improperly commented on the evidence.  This claim should be dismissed because it was not stated in the petition.  *See Tyler*, 416 F.3d at 503

Additionally, the appellate court considered the jury instructions as a whole and determined that the trial court's instructions properly followed Ohio law.  ECF Dkt. #9, Ex. 8 at ¶¶60-71 citing *State v. Green*, 58 Ohio St.3d 239, 569 N.E.2d 1038 (Ohio 1991).  Petitioner has the burden of showing that an "ailing instruction by itself so infected the entire trial that the resulting conviction violates due process." *Cupp v. Naughten*, 414 U.S. 141, 147 (1973).  Petitioner has neither identified the evidence that the trial judge allegedly commented on nor has he shown how those comments "infected the entire trial" to an extent that deprived him due process.  Accordingly, the undersigned recommends that the Court dismiss Ground Six with prejudice.

### H.    Ground Seven

Ground Seven of the petition alleges a due process violation because the trial court allegedly overruled a motion for acquittal without sufficient evidence.  In the traverse, Petitioner contends that there were "clear and substantial conflicts" in the testimony.  ECF Dkt. #16 at 10.  Petitioner contends that both Gerald Henderson's and Tenisha Murphy's testimony were inconsistent.  *Id.*

An allegation that the verdict was entered upon insufficient evidence states a claim under the due process clause of the Fourteenth Amendment to the United States Constitution.  *Jackson v. Virginia*, 443 U.S. 307, *reh'g denied*, 444 U.S. 890 (1979), *and In re Winship*, 397 U.S. 358 (1970).  "In assessing the sufficiency of the evidence, we do not weigh the evidence, assess the credibility of the witnesses, or substitute our judgment for that of the jury." *Id.* (internal citation omitted).  In order to establish an insufficiency of the evidence claim, "the relevant inquiry is whether after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *U.S. v. Paige*, 470 F.3d 603, 608 (6th Cir. 2006) *quoting Jackson,* 443 U.S. at 319. "This requires successful challengers to meet a very high threshold, even with respect to newly-discovered evidence." *Apanovitch v. Houk*, 466 F.3d 460, 488 (6th Cir. 2006).  The inquiry is not whether the jury made the *correct*

determination of guilt or innocence, but whether it made a *rational* decision to acquit or convict. *Williams v. Haviland,* No. 1:05CV1014, 2006 WL 456470, *3 (N.D.Ohio Feb. 24, 2006), citing *Herrera v. Collins,* 506 U.S. 390, 402, 113 S.Ct. 853, 122 L.Ed.2d 203 (1993). A court should interfere with a jury verdict only to the extent necessary to guarantee the fundamental protections of due process of law. *Scott,* 209 F.3d at 885 *quoting Jackson,* 443 U.S. at 319.

Here, Petitioner merely attacks the weight of the evidence, not its sufficiency. Petitioner contends that Gerald Murphy and Tenisha Murphy both described him in inconsistent manners. ECF Dkt. #16 at 10-11. Evidence was admitted, which, if believed by the jury, would support a conviction. Tenisha Murphy testified that she dated Petitioner for two months and saw him the night of the assault wearing all black. Tr. at 335. She then testified that he appeared later, wearing a scarf over his face and he pointed two guns at Gerald and Anthony and told them to give him all their "stuff". Tr. at 339. Gerald Henderson identified Petitioner as the person who pointed the guns at him. Tr. at 380. If believed by the jury, the foregoing evidence was sufficient to establish Petitioner's identity as the perpetrator. Further, the appellate court held that the trial court properly denied Petitioner's motions for acquittal on this issue. Petitioner has not shown an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States.

For the foregoing reasons, the undersigned recommends that the Court dismiss Ground Seven in its entirety with prejudice.

## I.      Ground Eight

Ground Eight of the petition asserts a violation of due process because the trial court allegedly penalized Petitioner for exercising a trial right. In the traverse, Petitioner challenges the aggregate sentence that the trial court imposed because he believes it was a means of retaliation for his refusal to plea bargain. ECF Dkt. #16 at 17.

The appellate court summarized the evidence of record in addressing this issue:

In this matter, after close scrutiny of the record, we cannot accept defendant's claims. In particular, we note that the trial judge stated:

"It's puzzling to me. Your client is 16 years old. He has the possibility of being sent to prison for 28 years [sic] and you don't even want to talk to the prosecutor?" (Tr.9).

Later, the court noted that defendant had rejected a plea agreement under which he could have received a sentence of between four and six years, and the court informed him that he faced a potential sentence of 58 years.

We find nothing coercive as the court simply pointed out the possible maximum term defendant faced and put upon the record that defendant had rejected the plea offer. (Tr. 172-173).

As to the claim of vindictiveness, we find absolutely no evidence that the trial court retaliated against defendant. In particular, we note that there was no indication that the court in any way begrudged defendant his right to trial. The sentence, though lengthy, was less than the maximum, and there was no guarantee that it would be within the limits discussed in connection with the plea offer.

ECF Dkt. #9, Ex. 8 at ¶¶85-89.  Likewise, here, Petitioner has made no showing of vindictive behavior on the part of the trial judge in discussing the potential sentence and plea bargaining options.  Further, Petitioner has not shown an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States.  Accordingly, this Ground should be dismissed in its entirety with prejudice.

## J.      Ground Nine

Ground Nine of the petition asserts a due process violation for imposing consecutive sentences.  Petitioner does not address consecutive sentencing in his traverse or explain why the imposition of a consecutive sentence in his case violated his due process rights.  The undersigned is not aware of any inherent impropriety in imposing consecutive sentences.  Recently, the United States Supreme Court upheld the imposition of consecutive sentences where due process considerations were at issue.  *See Oregon v. Ice*, 129 S.Ct. 711 ( 2009)("In light of this history, legislative reforms regarding the imposition of multiple sentences do not implicate the core concerns that prompted our decision in *Apprendi*"); *see also  Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000) (where the holding was based in part on due process requirements).

-24-

In this case, Petitioner argued on direct appeal that the trial judge imposed a consecutive sentence without any consideration of the statutory criteria for sentencing. The appellate court considered that argument, applying Ohio law, and determined that the trial judge did not abuse his discretion. ECF Dkt. #8, Ex. 9 at ¶¶92-94.

Petitioner has failed to demonstrate that the appellate court unreasonably applied clearly established Federal law, as determined by the Supreme Court of the United States. Petitioner does not support his claim with federal law and he does not demonstrate a sufficient violation of state law to show that a due process violation occurred.  Accordingly, the undersigned recommends that the Court dismiss Ground Nine in its entirety with prejudice.

### K.    Ground Ten

Ground Ten of the petition asserts a due process violation due to a purported failure to merge allied offenses.  Here, the appellate court determined that aggravated robbery and felonious assault, the crimes with which Petitioner was charged, were not allied offenses of similar import.  ECF Dkt. #8, Ex. 9 at ¶97 citing  *State v. Preston*, 491 N.E.2d 685, 686; *State v. Allen*, 685 N.E.2d 1304 (Ohio Ct. App. 7th Dist. 1996); *State v. Ferguson*, 594 N.E.2d 23 (Ohio Ct. App. 12th Dist. 1991); *State v. Loparo*, Cuyahoga App. No. 88229, 2007 Ohio 2783.

In his traverse, Petitioner contends that he has adequately demonstrated that the offenses he committed are allied offenses and qualify for sentencing merger.  ECF Dkt. #16 at 17.  However, Petitioner's assertion falls short of demonstrating an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States.  Petitioner does not support his claim with federal law and he does not demonstrate a sufficient violation of state law to show that a due process violation occurred.  Accordingly, the undersigned recommends that the Court dismiss Ground Nine in its entirety with prejudice.

### L.    Ground Eleven

Ground Eleven of the Petition alleges a violation of the Sixth Amendment right to assistance

of counsel due "errors and omissions by counsel ".

In order to prevail on a claim of ineffective assistance of trial counsel, Petitioner bears the burden of showing that counsel's performance fell below an objective standard of reasonableness and counsel's ineffectiveness prejudiced his defense so as to deprive him of his right to a fair trial. *Strickland v. Washington*, 466 U.S. 668 (1984). To warrant reversal of a conviction, "the defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. Court scrutiny of defense counsel review must be "highly deferential." *Id*. at 689. Decisions that "might be considered sound trial strategy" do not constitute the ineffective assistance of counsel. *Michel v. Louisiana*, 350 U.S. 91, 101 (1955). Trial counsel's tactical decisions are not completely immune from Sixth Amendment review, but they must be particularly egregious before they will provide a basis for relief. *Martin v. Rose*, 744 F.2d 1245, 1249 (6th Cir. 1984).

Further, "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the [ultimate] judgment." *West v. Seabold,* 73 F.3d 81, 84 (6th Cir. 1996), quoting *Strickland,* 466 U.S. at 691, quoted in *Smith v. Jago*, 888 F.2d 399, 404-05 (6th Cir.1989), *cert. denied*, 495 U.S. 961 (1990). "Counsel is constitutionally ineffective only if performance below professional standards caused the defendant to lose what he otherwise would probably have won." *United States v. Morrow*, 977 F.2d 222, 229 (6th Cir.1992) (en banc), *cert. denied*, 508 U.S. 975 (1993).

In his traverse, Petitioner contends that Respondent fails to demonstrate reasons why Petitioner's Ineffective Assistance of Counsel claim is meritless. ECF Dkt. #16 at 12. The undersigned notes that even in the traverse, Petitioner has not identified the purported errors and omissions by counsel. Therefore, Petitioner has not shown that he is entitled to habeas relief.

Additionally, the appellate court considered four purported errors of trial counsel: (1) failure to ask for a proposed jury instruction on identification; (2) failure to file a motion to suppress Tenisha Murphy's identification of defendant and Anthony Henderson's identification of defendant; (3) failure

-26-

to renew the motion for a judgment of acquittal at the close of all of the evidence; and (4) failure to object to the portion of the prosecuting attorney's closing argument in which he said that Tenisha and the other witnesses were telling the truth. ECF Dkt. #8, Ex. 9 at ¶¶101-109.  The appellate court considered these claims and found them all to lack merit.  *Id.*  Specifically, the appellate court found that trial counsel's performance was not deficient because: (1) an instruction on reasonable doubt was sufficient to address the issue of identification; (2) Tenisha Murphy knew Petitioner well, observed him on the day of the crime, and identified his voice; (3) there was no error regarding the non-renewal of the motion for acquittal; and (4) the prosecutor merely commented on the evidence and  did not vouch for the witnesses.  *Id.*  These determinations were based upon state law, and Petitioner has not demonstrated that trial counsel did in fact commit a prejudicial error meriting habeas relief.  Further, Petitioner has not demonstrated that the appellate court unreasonably applied clearly established Federal law, as determined by the Supreme Court of the United States.  Therefore, the undersigned recommends that the Court dismiss Ground Eleven in its entirety with prejudice.

## VI.   CONCLUSION

For the foregoing reasons, the undersigned RECOMMENDS that the Court DISMISS the instant petition in its entirety with prejudice.


DATE: November 29, 2010                         */s/ George J. Limbert*
                                               GEORGE J. LIMBERT
                                               UNITED STATES MAGISTRATE JUDGE


ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this notice.  Fed. R. Civ. P. 72; L.R. 72.3.  Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).