# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| Shawn Collins, | ) | CASE NO. 1: 09 CV 347 |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | Magistrate Judge George J. Limbert |
| | ) | |
| Kevin Smith, Warden, Mansfield | ) | |
| Correctional Institution, | ) | MEMORANDUM OPINION |
| | ) | |
| Defendant. | ) | |

This matter comes before the Court upon Magistrate Judge George J. Limbert's Report and Recommendation (ECF #23) issued on November 29, 2010. The Magistrate Judge recommended that the Petition for a writ of habeas corpus filed by Petitioner Shawn Collins pursuant to 28 U.S.C. § 2254 (ECF #1) be dismissed in its entirety with prejudice. No timely objections have been filed. The Court has reviewed *de novo* the Report and Recommendation, *see Ohio Citizen Action v. City of Seven Hills*, 35 F. Supp. 2d 575, 577 (N.D. Ohio 1999), and ADOPTS the Report and Recommendation in its entirety. Accordingly, Petitioner's Petition for a Writ of Habeas Corpus (ECF #1) is DISMISSED WITH PREJUDICE.

## Certificate of Appealability

Pursuant to 28 U.S.C. § 2253, the Court must determine whether to grant a certificate of appealability as to any of the claims presented in the Petition. 28 U.S.C. § 2253 provides, in part, as follows:

> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from --
>
> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or

(B) the final order in a proceeding under section 2255.

(2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

(3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

In order to make "substantial showing" of the denial of a constitutional right, as required under 28 U.S.C. § 2255(c)(2), a habeas prisoner must demonstrate "that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issue presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4, 103 S. Ct. 3383, 77 L. Ed. 2d 1090 (1983).)

Where a district court has rejected the constitutional claims on the merits, the petitioner must demonstrate only that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *Slack*, 529 U.S. at 484. Where the petition has been denied on a procedural ground without reaching the underlying constitutional claims, the court must find that the petitioner has demonstrated that reasonable jurists could debate whether the petition states a valid claim of the denial of a constitutional right *and* that reasonable jurists could debate whether the district court was correct in its procedural ruling. *Id.* "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.*

For the reasons stated in the Magistrate Judge's Report and Recommendation, none of the eleven grounds in the Petition, which purport to claim a violation of a constitutional right,

2

actually demonstrate a constitutional violation and no reasonable jurist would find the court's assessment of the constitutional claims debatable or wrong. Accordingly, the Court declines to issue a certificate of appealability.

    IT IS SO ORDERED.

*[signature]*
DONALD C. NUGENT
United States District Judge

DATED: January 10, 2011